AUSA: Lena Gonzalez Telephone: (313) 226-0215

AO 91 (Rev. 11/11) Criminal Complaint Special Agent: Matthew Rummel Telephone: (313) 202-3400

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.

Edward Darrell MARSHALL

Case: 2:26-mj-30679
Judge: Unassigned,
Filed: 10-28-2026

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 3, 2026 in the county of Wayne in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

See affidavit

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Special Agent Matthew Rummel
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

[signature]
*Judge's signature*

Date: October 28, 2026

City and state: Detroit, MI

David R. Grand, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Matthew Rummel, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since September 2014. I have a bachelor's degree in criminal justice. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator School and the ATF's Special Agent Basic Training School. Prior to joining the ATF, I was employed, for approximately eight years, as a Parole Agent with the Michigan Department of Corrections. During that time, for approximately four years, I was assigned to a multi-jurisdictional task force comprised of federal, state, and local law enforcement agencies. Collectively, I have over 19 years of experience in law enforcement. Pursuant to 18 U.S.C. § 3051, I am empowered to enforce criminal laws of the United States.

2. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my

training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

3. I submit this affidavit in support of a criminal complaint charging Edward Darrell MARSHALL (DOB XX/XX/1989), with Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, U.S.C. § 841(a)(1).

## II. PROBABLE CAUSE

4. MARSHALL was convicted in the Northern District of Ohio for conspiracy and distribution of fentanyl, Case No. 20-cr-00329. He was sentenced on December 10, 2020, to 72 months in prison, followed by a four-year term of supervised release. His supervision was transferred to the Eastern District of Michigan.

5. After a series of undercover purchases of drugs from MARSHALL, on September 3, 2026, members of the Michigan State Police Narcotics Enforcement Team and a Special Agent from the ATF executed a search warrant at XXX5 Affeldt Street, Westland, Michigan (hereafter "target residence") as part of an investigation into suspected drug trafficking by Edward Darrell MARSHALL.

6. Agents/officers found MARSHALL and his girlfriend inside when they executed the warrant.

7. During the search of MARSHALL's bedroom, investigators found a pair of red pants, about MARSHALL's size, in the bedroom under the mattress. Inside the pants, they found MARSHALL's identification, keys to a vehicle used by him (which was parked in the driveway of the target residence at the time of the search warrant), $2,774.00 in mixed denominations, and a clear plastic bag weighing approximately 27.5 grams with packaging of suspected crack cocaine. Also in the bedroom, near the pants, investigators seized approximately 5 grams with packaging of suspected fentanyl.

8. In the kitchen, investigators seized five doses of suboxone strips and a bag with an unknown substance, weighing approximately 36 grams with packaging.

9. MARSHALL waived his *Miranda* rights and agreed to speak with an MSP detective. MARSHALL stated that he had been staying at the residence for few months. MARSHALL acknowledged that he was on federal supervised release for his Ohio drug conviction. MARSHALL also acknowledged that he had not updated his federal probation agent on his address change.

10. The clear plastic bag found in the red pants contained 24 smaller knotted bags. The Michigan State Police forensic laboratory randomly tested the contents of one of the bags and determined that it contained 1.4 grams of cocaine base. The other 23 bags contain substances that appear to have the same appearance and physical characteristics as the substance confirmed to be cocaine base.

11. The clear plastic bag found near the pants contained 8 smaller knotted bags of a gray substance. The Michigan State Police forensic laboratory randomly tested the contents of one of the bags and determined that it contained .48 grams of a mixture or substance containing a detectable amount of fentanyl. Again, the other seven bags contain substances that appear to have the same appearance and physical characteristics as the substance confirmed to be fentanyl.

12. Based on my training, experience, and knowledge of this investigation, I believe the narcotics found in MARSHALL's room were packaged for sale. The clear plastic bag found in the pants contained 24 individually packaged doses weighing approximately one ounce in total, a quantity and packaging consistent with distribution. Crack cocaine users typically do not purchase in bulk, and an ounce packaged in 24 separate bags would be inconsistent with typical personal-use purchases. The same pants contained MARSHALL's identification and $2,774.00 in mixed denominations, including eighty-seven $20 bills. Based on my training and experience, narcotics trafficking is often cash-based, and street-level sales commonly generate smaller denominations of U.S. currency.

## III. CONCLUSION

13. Based on the foregoing information, I respectfully submit there is probable cause to find that, on or about September 3, 2026, within the Eastern District of Michigan, Edward Darrell MARSHALL (DOB XX/XX/1989), was in

Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, U.S.C. § 841(a)(1).

Matthew Rummel, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
And/or by reliable electronic means

David R. Grand
United States Magistrate Judge

Dated: October 28, 2026